**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HILLARIA GOODGAME,** | : | **Civil Action No.** |
| **765 S 52nd Street** | : | |
| **Philadelphia, PA 19143** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **DEFENDERS ASSOCIATION OF** | : | |
| **PHILADELPHIA,** | : | |
| **1441 Sansom Street** | : | |
| **Philadelphia, PA 19102** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Hillaria Goodgame (hereinafter "Plaintiff"), by and through her attorney, Koller

Law, LLC, brings this civil matter against Defendant, Defenders Association of Philadelphia

(hereinafter "Defendant"), for violations of Section 1981 and the Pennsylvania Human Relations

Act ("PHRA").  In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff is an African-American adult female residing at the above captioned address.

2. Upon information and belief, Defendant is non-profit legal services provider located and

   headquarters at 1441 Sansom Street, Philadelphia, PA 19102.

3. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

   employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's

employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

5. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

6. The facts and circumstances which gave rise to this Complaint occurred in and around Montgomery County and therefore jurisdiction and venue are proper in this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff exhausted her administrative remedies under the PHRA.

8. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race and disability discrimination and retaliation against Defendant.

9. The Charge was assigned Charge Number 530-2019-04616 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

10. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") by request, dated August 10, 2020.  Plaintiff received the Right to Sue notice by mail.

11. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in court.

12. Plaintiff files the instant Complaint within two (2) years of her receipt of her Right to Sue in this matter.

13. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

14. In 2014, Respondent hired Plaintiff in the position of Permanent Legal Intern.

15. Plaintiff was well qualified for her position and performed well.

16. On January 8, 2019, Plaintiff suffered a concussion and was diagnosed with the disability of Post-Concussive Syndrome.

17. As a result of Plaintiff's Post-Concussive Syndrome, Plaintiff suffered the following symptoms, including, but not limited to, sensitivity to light, sensitivity to loud noises, impaired cognitive functioning and impaired speech.

18. The major life activities affected by Plaintiff's disability, included, but is not limited to, hearing, seeing, learning, speaking, concentrating and communicating.

19. Shortly after Plaintiff's diagnosis, Plaintiff requested the reasonable accommodation to avoid loud, noisy spaces, take extra time on assignments, have a restricted workload, take 15-minute breaks every two (2) hours in a quiet space, and to move and stretch as needed.

20. Defendant initially granted Plaintiff's request for the aforementioned reasonable accommodations.

21. On or around April 23, 2019, Plaintiff complained to Randy Parrin, Human Resources Director, that she believed that she was being treated unfairly, and that she believed it was due to her race.

22. Shortly afterwards, Mr. Parrin suspended Plaintiff on or around Aril 23, 2019, for alleged performance deficiencies, including, but not limited to, locking files in her desk and for alleged failure to find and protect against a conflict of interest.

23. Plaintiff appealed her suspension and it was overturned in or around May 2019.

24. Following Plaintiff's complaint of race discrimination, Defendant proceeded to retaliate against her by being overly critical of her work product, refusing to provide her with her accommodation request, denying her application for a Staff Attorney position in May 2019 and denying her appropriate training to advance her career.

25. Plaintiff also noticed that Andrew Pappas, Assistant Head of Pre-Trial Unit, favored Caucasian employees over African American employees.

26. For example, one of Plaintiff's Caucasian coworkers failed to mail notice of a hearing to a client, which resulted in the client missing court and being arrested for a failure to appear bench warrant.

27. However, Defendant did not suspend or terminate this Caucasian employee for this significant error.

28. It is Plaintiff's belief that Defendant would terminate her, had she made the same error.

29. Due to Defendant's discriminatory and retaliatory conduct, Plaintiff required medical leave and applied for it and was placed on a medical leave of absence on July 26, 2019.

30. On or around September 2, 2019, Plaintiff applied for Family and Medical Leave Act ("FMLA") leave, but as of the date of this filing, has not heard back from Defendant regarding her application for FMLA leave, essentially leaving her in a questionable status.

31. It is Plaintiff's position that she was discriminated against due to her race and disability, denied a reasonable accommodation and retaliated against for reporting race discrimination and requesting a reasonable accommodation in violation of Section 1981 and the PHRA.

## COUNT I
## RACE DISCRIMINATION
## SECTION 1981

32. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

33. Plaintiff is a member of a protected class in that she is African American.

34. Plaintiff was qualified to perform the job for which she was hired.

35. Plaintiff suffered adverse job actions, including, but not limited to termination.

36. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

37. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

38. Defendant discriminated against Plaintiff on the basis of race.

39. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

40. The reasons cited by Defendant for the above cited adverse employment action that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II
## RACE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

41. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

5

42. Plaintiff is a member of a protected class in that she is African American.

43. Plaintiff was qualified to perform the job for which she was hired.

44. Plaintiff suffered adverse job actions, including, but not limited to termination.

45. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

46. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

47. Defendant discriminated against Plaintiff on the basis of race.

48. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

49. The reasons cited by Defendant for the above cited adverse employment action that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III
## DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

50. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

51. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

52. Plaintiff was qualified to perform the job.

53. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

54. The purported reason for Defendant's decision is pretextual.

55. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

56. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

57. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV
## RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. Plaintiff engaged in activity protected by the PHRA when she complained of race discrimination internally by reporting the same to managers at Defendant and requesting reasonable accommodations.

60. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, failure to promote.

61. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment actions.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Hillaria Goodgame, requests that the Court grant her the following relief against Defendant:

(a)    Compensatory damages;

(b)    Punitive damages;

(c)    Emotional pain and suffering;

(d)    Reasonable attorneys' fees;

(e)    Recoverable costs;

(f)    Pre and post judgment interest;

(g)    An allowance to compensate for negative tax consequences;

(h)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Section 1981 and the PHRA.

(i)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j)    Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## <u>CERTIFICATION</u>

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

**KOLLER LAW, LLC**

Date: June 28, 2022                      **By:**   _/s/ David M. Koller_
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*